[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR CONTEMPT (130)
CT Page 13478
This post-judgment motion filed by the plaintiff father seeks to have the defendant mother held in contempt for violation of article 2.01 and 2.10 of their separation agreement entered as part of their dissolution decree of August 29, 1997. The parties agreed to joint legal custody with physical custody to the mother. Each party agreed to inform the other within 24 hours of any visits by the children to a doctor while in his/her respective care, with the exception of routine visits. On Friday. July 28, 2000 the mother brought their daughter Laura to the emergency room at Norwalk Hospital after she became ill. The child was admitted for overnight observation and was released the following evening. The plaintiff sent an email on July 31 of this year at 17:04 advising the plaintiff of the hospital admission. The message said, after describing the episode, "so I'm bringing her to the doctor's tomorrow morning, maybe we'll get some answers!!" The defendant attributed the delay to the fact that the plaintiff was traveling over the weekend. The court finds that the email could and should have been sent during the weekend. The court finds her failure to name the doctor or the time of appointment lacking in compliance with her obligation to keep the other parent advised. The defendant's claim that the daughter called her father is not proper notification and does not comply with the agreement.
 MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR CONTEMPT (132)
This post-judgment motion filed by the defendant mother seeks to have the plaintiff father held in contempt for violating article 2.01 because he brought their daughter Elizabeth to a dermatologist without prior agreement with the mother and allowed the doctor to operate on the cheek of the child, an invasive procedure not having any emergency aspect. The court finds this to be a clear violation of the parties' agreement.
The defendant also seeks to have the plaintiff held in contempt for failing to pay his share of the unreimbursed medical and dental expenses. The court finds that the plaintiff never agreed to the treatment by Dr. Sanford of Laura nor did he agree to the informed consent form sent by the dentist. The dentist chosen by the defendant was out of network and the defendant did not allow negotiation on this choice. The court cannot find that an agreement was ever reached between the parties. As to the remaining bills now being claimed they were not previously provided to the plaintiff nor was he allowed to make independent verification of the bills, their payments and whether the uninsured balances being claimed were correct. No contempt is found on the medical bills issue. CT Page 13479
The court finds each party to have committed a deliberate violation of the agreement terms and is found in contempt of court. Since neither party is found to have "clean hands" the court enters no further findings or orders.
Both motions are granted as aforesaid.
HARRIGAN, J